IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ROGER W. SPRAGUE                :     Civil No. 1:05-CV-1605
                                :
        Plaintiffs              :
                                :     JUDGE SYLVIA H. RAMBO
        v.                      :
                                :
BURTON NEIL, ESQUIRE, *et al.*, :
                                :
        Defendants              :


## M E M O R A N D U M

_____This case arises out of a dispute over whether Defendants, Citibank

(South Dakota) N.A. ("Citibank") and Universal Bank, N.A. ("Universal"),[1] violated

the statutory rights of Plaintiff Roger W. Sprague while attempting to collect credit

card debt.  Plaintiff claims that Citibank was abusive in its collection practices and

seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa. Stat.

---

[1]      Plaintiff had two credit card accounts - one with Universal and one with Citibank. In 2002, Universal merged into Citibank.  As described *infra*, pursuant to the National Bank Act, 12 U.S.C. § 215(e), when two banks merge, the resulting bank assumes all rights and interests of the merging banks.  Citibank, the resulting bank, assumed the rights and interests of Universal and is therefore considered the originator of the Universal account as a matter of law.  For this reason, Universal and Citibank will collectively be referred to as "Citibank" for the sake of clarity.

§ 2270.1 ("FCEUA"), and the Pennsylvania Unfair Trade Practices and Consumer

Protection Law, 73 Pa. Stat. § 201-1 ("UTPCPL").  Before the court is Citibank's

motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

12(c).  (Doc. 32.)  Citibank argues that Plaintiff's claim for relief, brought under the

FDCPA, must be dismissed because it is a creditor and therefore not subject to the

terms of that statute.  (Doc. 33 at 2.)  Citibank also contends that the Plaintiff has no

legal basis for asserting claims for relief under the FCEUA and UTPCPL and

Citibank cannot be held derivatively liable through a theory of respondeat superior.

(*Id.*)  Because the court concludes that, as to Citibank, Plaintiff has failed to state a

claim upon which relief may granted and cannot be held liable upon respondeat

superior, the court will grant the instant motion for judgment on the pleadings.

I.        **Background**

          A.       **Factual Background**[2]

          Plaintiff resides in York, Pennsylvania.  (Doc. 1 ¶ 3.)  Plaintiff signed

an application for two credit card accounts dated August 12, 2001.  (Doc. 1 ¶¶ 12,

13.)  Plaintiff's first card was issued by Universal Bank (Doc. 1 Ex. 2) and the

---

[2]        The court sets forth only those facts pertinent to the disposition of Citibank's
motion for judgment on the pleadings.

second card by Citi Cards (Doc. 1 Ex. 3).  After receiving both cards, Plaintiff made

charges to the cards but failed to make timely payments.

Universal merged into Citibank in January 2002.  (Doc. 32 Ex. 1.)  As a

result of the merger, Citibank took control of Universal and Universal ceased to

exist as an independent entity.  (Doc. 32 Exs. 1-2.)  Citibank is a national bank

located in Sioux Falls, South Dakota.  (Doc. 1 ¶ 10.)  Citibank, on its own behalf,

attempted to collect amounts due on Plaintiff's credit card accounts from Plaintiff.

After these efforts were unsuccessful, Citibank hired the Burton Neil law firm and

its lawyers to collect the debt owed by Plaintiff.  Thereafter, the Burton Neil firm

filed a civil action in Pennsylvania state court to collect this debt.  (Doc. 1 ¶ 20.)

**B.**     **Procedural History**

Plaintiff filed a *pro se* complaint in this court against all named

Defendants[3] for engaging in abusive debt collection practices, including the filing of

the state court law suit.  Plaintiff obtained counsel (Doc. 11) who later withdrew

(Doc. 31).  Citibank filed this instant motion for judgment on the pleadings (Doc.

32) and a brief in support (Doc. 33).  Plaintiff was ordered to file a brief in

opposition to Citibank's motion for judgment on the pleadings by October 20, 2006.

---

[3]      Plaintiff fails to allege whether each act was taken by an individual Defendant or
Defendants as a group.

(Doc. 36.)  Current counsel for Plaintiff filed his notice of appearance on December 21, 2006.  (Doc. 48.)  Plaintiff was thereafter granted an extension to file briefs in opposition to four outstanding motions filed by Defendants in this case – including the instant motion – until April 3, 2007.  (Doc. 70.)  On March 27, 2007 this case was transferred to the undersigned.  Plaintiff has failed to respond.  This matter is ripe for disposition.

## II.        Legal Standard: 12(c) Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), once the pleadings are closed, a party may move for judgment on the pleadings "within such time as to not delay the trial."  Fed. R. Civ. P. 12(c).[4]  The standard of review for a motion for judgment on the pleadings is identical to that of the motion to dismiss under Federal Rule 12(b)(6).  *Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted); *Cannon v. United States*, 322 F. Supp. 2d 636, 636 (W.D. Pa. 2004); *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 496 (E.D. Pa. 2001).

---

[4]        Federal Rule of Civil Procedure 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .

The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings.  2 Moore's Federal Practice Civil § 12.38 (2004).  Despite this difference, courts in this circuit have consistently stated that the distinction between the two standards is "merely semantic." *Christy v. We The People Forms & Serv. Ctrs.*, 213 F.R.D. 235, 238 (D.N.J. 2003); *see Smith v. City of Philadelphia,* 345 F. Supp. 2d 482, 485 (E.D. Pa. 2004) ("A motion for judgment on the pleadings pursuant to Federal Rule of  Civil Procedure 12(c) is treated using the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") (citing *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 376-77 (E.D. Pa. 1995)).

Therefore, just as required by a motion to dismiss, the court will accept as true the facts and inferences presented in the pleadings in the "light most favorable to the nonmoving party."  *Allah v. Al-Hafeez,* 226 F.3d 247, 249 (3d Cir. 2000); *Turbe,* 938 F.2d at 428; *see also Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005) (citations omitted); *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss, *Bell Atlantic*

5

*Corp.*, 127 S. Ct. at 1965, 1974; *Victaulic Co. v. Tieman*, — F.3d —, No. 07-2088, 2007 WL 2389795, at *5 (3d Cir. Aug. 23, 2007), or a motion for judgment on the pleadings, *Turbe*, 938 F.2d at 428.

## III.      <u>Discussion</u>

_____Plaintiff alleges that Citibank used abusive debt collection practices in violation of the FDCPA, FCEUA, and UTPCPL.  The court will address the federal claims first, then the state claims.

### A.      <u>FDCPA</u>

#### (1)      <u>FDCPA – Creditor v. Debt Collector</u>

The FDCPA seeks to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To curb these abuses, the FDCPA imposes liability for certain acts taken by "debt collectors" and "creditors."  A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted *to be*

*owed or due another*."  § 1692a(6) (emphasis added).  A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed," but "*does not include* any person . . . that . . . receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of *such debt for another*." § 1692a(4) (emphasis added).  Therefore, "[c]reditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act." *Aubert v. Am. Gen. Fin., Inc.,* 137 F.3d 976, 978 (7th Cir. 1998) *cited in Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 403 (3d Cir. 2000) (presuming creditors generally restrain abusive collection practices to protect corporate goodwill and therefore not subject to Act); *see also Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf.").

On the facts alleged, Citibank is a creditor, not a debt collector. Citibank extends credit to and collects debts that are owed to it by its cardholders. Here, Citibank extended credit to Plaintiff for purchases he made using his Citibank credit card.  After Plaintiff failed to make timely payments, Citibank sought to collect the debt owed to it by Plaintiff.  Citibank is not a debt collector because it only attempted to collect Plaintiff's debts owed to it and never attempted to collect

debts owed to a third party.  In addition, Citibank's principal business is providing credit services not debt collection.

### (2)   FDCPA & National Banking Act – Creditor v. Debt Collector

As a result of the Citibank-Universal merger, there are two independent reasons why Citibank is not liable to Plaintiff for actions taken to collect the debt accrued on his Universal credit card.

One, Citibank was Plaintiff's creditor, not a debt collector.  The National Bank Act governs the corporate existence of the entity resulting from the merger of two or more national banks.  *See* 12 U.S.C. § 215a.  The resulting entity is the "receiving association" which "shall be deemed to be the same corporation as each bank or banking association participating in the merger." *Id.* § 215a(e).  All rights and interests of the merging banks transfer to the receiving association.  *Id*. "[T]he universal rule applicable to mergers . . . is that . . . the successor corporation assumes all debts and liabilities of the predecessor corporation precisely as if it had incurred those liabilities itself . . . . That rule is inherent in the concept of a merger, under which the surviving corporation stands in the shoes of the disappearing corporation in every aspect." *Krull v. Celotex Corp.,* 611 F. Supp. 146, 148 (N.D.

Ill. 1985) (interpreting substantially similar state law); *see also* 15 Fletcher Cyc.

Corp. § 7199 (perm. ed., rev. vol. 1999) (citing 12 U.S.C. §§ 215, 215a).

In this case, Citibank and Universal Bank merged in January 2002.

(Doc. 32 Ex. 2.)  The resulting receiving association was "Citibank."  By way of

merger, Universal Bank transferred all of its rights and property to Citibank,

including its property interest in Plaintiff's debt.  Citibank assumed all rights and

property, including Plaintiff's debt, as its own and thus stands in the shoes of the

previous two banks.  Therefore, as a single entity, Citibank was collecting debt

owed to itself as a creditor; it was not collecting debt owed to a third party as a debt

collector.

Two, even if Citibank were collecting a debt owed to Universal, it

would not be a "debt collector" under the FDCPA.  The FDCPA's definition section

provides that a "debt collector" does not include a person that attempts to collect a

debt due another if the activity "concerns a debt which was not in default at the time

it was obtained by such person."  15 U.S.C. § 1692a(6)(F)(iii).

Citibank is not liable to Plaintiff under this section because Plaintiff's

account with Universal was not in default at the time Citibank acquired it.

Plaintiff's original Universal account takes on the same legal status as Plaintiff's

Citibank account.  Therefore, based on these facts Citibank is a creditor, not a debt collector, and is not liable under the FDCPA.

### (3)   <u>Respondeat Superior</u>

Plaintiff claims that Citibank is responsible for the alleged illegal debt collection practices of the Burton Neil Defendants under an agency theory of respondeat superior.  (Doc. 1 ¶¶ 9-11.)  Federal courts have clearly established that a creditor is not vicariously liable for the actions of its debt collector.  *See Pollice*, 225 F.3d at 404 (applying vicarious liability for debt collectors only); *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 108 (6th Cir. 1996) (rejecting vicarious liability for creditor); *Dahlhammer v. Citibank (South Dakota) N.A.,* No. 05-CV-1749, 2006 WL 3484352, at *7 (M.D. Pa. 2006) (holding Citibank not vicariously liable for its debt collectors' actions because it is a creditor, not a debt collector).  Because of the FDCPA's clear legislative purpose and its general application limited to debt collectors, common law principles of agency are inapplicable and may not be applied to impose liability on a creditor for the actions of its debt collector.  *See Castro v. Revere Collection Agency*, No. 90-5684, 1991 WL 147529, at *3 (E.D. Pa. July 25, 1991) (citing *Monell v. Dep't of Soc. Servs.*, 432 U.S. 658, 691-94 (1978) (finding language of a federal statute need not explicitly address concept of agency to displace common law agency rules)).  Thus,

Citibank cannot be held vicariously liable for the acts of the Burton Neil law firm or

its attorneys under a theory of respondeat superior because Citibank is a creditor, not

a debt collector, under the FDCPA.

Plaintiff fails to state a claim under the FDCPA upon which relief may

be granted against Citibank.  Plaintiff's alleged facts, even if true, cannot plausibly

support a legal claim for relief.  Having held that Citibank is a creditor, not a debt

collector, Citibank is not governed by the FDCPA and cannot be liable to the

Plaintiff under its terms.

**B.**      **State Claims**

United States District Courts maintain original jurisdiction over

questions of federal law.  *See* 28 U.S.C. § 1331.  If a plaintiff brings additional

claims that do not warrant original jurisdiction, a court may have supplemental

jurisdiction to hear those additional claims.  *See id.* § 1367(c).  A district court may

decline supplemental jurisdiction over the case if it "has dismissed all claims over

which it has original jurisdiction."  *Id.* § 1367(c)(3).

The basis for original jurisdiction here is the Plaintiff's FDCPA claims.

*See* 15 U.S.C. § 1692.  The court will dismiss Plaintiff's FDCPA claims, thus

eliminating original jurisdiction.  Therefore, the remaining claims are Plaintiff's

11

state law claims under the FCEUA and the UTPCPL.  The court declines to exercise supplemental jurisdiction over these remaining state law claims.


**IV.**         **Conclusion**

          For the forgoing reasons, the court will grant Citibank's motion to dismiss Plaintiff's FDCPA claims against Citibank and Universal with prejudice. The court declines to retain jurisdiction over Plaintiff's FCEUA and UTPCPL claims against Citibank.  The FCEUA and UTPCPL claims will be dismissed without prejudice.


                                   s/Sylvia H. Rambo
                                   SYLVIA H. RAMBO
                                   United States District Judge


Dated:  October 19, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROGER W. SPRAGUE** | : | **Civil No. 1:05-CV-1605** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| | : | |
| **BURTON NEIL, ESQUIRE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

For the reasons stated in the accompanying memorandum of law, **IT IS HEREBY ORDERED** that Defendants Citibank (South Dakota) N.A. and Universal Bank, N.A.'s Motion for Judgment on the Pleadings (Doc. 32) is **GRANTED**, as follows:

1) Defendants Citibank (South Dakota) N.A. and Universal Bank, N.A.'s motion for judgment on the pleadings under the FDCPA is **GRANTED** with prejudice; and

2) Defendants Citibank (South Dakota) N.A. and Universal Bank, N.A.'s motion for judgment on the pleadings under the FCEUA and UTPCPL is **DISMISSED** without prejudice.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  October 19, 2007.