IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROGER W. SPRAGUE,** : | **CIVIL NO. 1:CV-05-1605** |
|     **Plaintiff** : | |
| : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| : | |
| **BURTON NEIL,** : | |
| **ESQUIRE; BURTON NEIL &** : | |
| **ASSOCIATES P.C.; YALE D.** : | |
| **WEINSTEIN, ESQUIRE;** : | |
| **EDWARD J. O'BRIEN, ESQUIRE;** : | |
| **JAY H. PRESSMAN, ESQUIRE;** : | |
| : | |
|     **Defendants** : | |

**M E M O R A N D U M**

Plaintiff Roger W. Sprague filed a complaint alleging that Defendant Burton Neil & Associates, P.C., and its employees, Defendants Burton Neil, Esq., Yale D. Weinstein, Esq., Edward J. O'Brien, Esq., and Jay H. Pressman, Esq., violated the federal Fair Debt Collection Practices Act ("FDCPA"), and Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA") and Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  Defendants have moved for summary judgment on all counts.  Because the court finds that Sprague's complaint was filed after the statute of limitations for his claim under the FDCPA had terminated, summary judgment will be granted for Defendants on that claim. Judgment being appropriate on the one issue providing this court with original jurisdiction, the court will decline to exercise supplemental jurisdiction over the state law claims and those claims will be dismissed without discussion.  *See* 28 U.S.C. § 1367(c)(3).

**I.      Background**

     **A.      Facts**

On or about August 12, 2001, Plaintiff Roger Sprague applied for two credit cards with AT&T Universal Card/Citi Cards, account numbers ending in 1143 and 6394, respectively.  The cards were used primarily for personal, family, and household purposes.  Documents attached to Sprague's complaint indicate that an attempt was made to collect debt accrued on both cards in January 2003.  (Compl. Ex. 3.)  Sprague responded to the attempt at collection by alleging a violation of federal law by Citicorp as to account 6349 and disputing the amount owed on account 1143.  (*Id.*)

Citibank (South Dakota) N.A. ("Citibank") then retained Defendant Burton Neil & Associates, P.C. ("Firm"), to collect the debts owing on the two accounts.  (Defs.' Exs. A, C.)  The correspondence between the Firm and Sprague regarding account 1143 was as follows.  Neil wrote a letter to Sprague on April 1, 2003, notifying Sprague that the Firm had been retained by Citibank to collect $1,386.51, the amount Citibank alleged Sprague owed.  (Defs.' Ex. A.)  Citibank had instructed the Firm to file a lawsuit to reduce the debt to judgment.  The Firm sought to give Sprague the benefit of settling the debt without resort to suit.

The letter gave Sprague thirty days to dispute the validity of the debt, or any portion thereof.  If Sprague chose to dispute the debt, the Firm would obtain and provide verification of the debt.  The last paragraph stated that the letter was "an attempt to collect a debt.  Any information obtained will be used for that purpose.  In making this communication, we advise that our firm is a debt collector."  (*Id.*)

Sprague responded on April 11, 2003.  He disputed the debt alleged to be owed on account 1143 and requested verification and validation.  (Defs.' Ex. B.)

Sprague stated that he was not "seeking to obtain copies of any monthly statements, or a copy of an agreement or application, but [was] requesting competent evidence of a bona fide debt, and that Citibank did not breach the agreement by failing to credit [his] account for money accepted." (*Id.*)

On June 25, 2003, Neil sent a letter stating that he enclosed "copies of the account statements to verify the debt" owed on account 1143. (Defs.' Ex. F.) The account statement attached to the letter, however, was for a Citi Premium Select Card ending in 2647. (*Id.*) There is no indication of how the 2647 account relates to or impacts the alleged debt owed on the 1143 account. Sprague objected to the attempt to validate the debt by a copy of an account statement by letter of July 14, 2003. (Defs.' Ex. H.) He did not address the discrepancy in account numbers.

Correspondence regarding account 6394 began with a letter from Weinstein on April 22, 2003. (Defs.' Ex. C.) The letter contained the same language and notices as the initial letter for account 1143. On April 26, 2003, Sprague notified the Firm that he disputed the debt alleged to be owed on account 6394 and requested verification and validation thereof. (Defs.' Ex. D.) Again, Sprague noted his desire for "competent evidence of a bona fide debt and that AT&T Universal/Citi Cards/Citibank did not breach the agreement by failing to credit [his] account for money accepted," rather than "copies of any monthly statements, or a copy of an agreement or application." (*Id.*)

Neil responded on June 11, 2003 with a letter "enclos[ing] copies of the account statements to verify the debt" alleged to be owed on account 6394. (Defs.' Ex. E.) The account statement enclosed was one for account 6394 and reflected a balance of $7,189.00 as of October 15, 2001. (*Id.*) The amount the Firm alleged to be owed on the card was $16,515.52. (*Id.*) Sprague replied to the Firm on June 27,

2003, noting his objection to validating the debt by an account statement. (Defs.' Ex. G.)

On September 16, 2003, the Firm filed a complaint on behalf of Citibank against Sprague in the Court of Common Pleas, York County, Pennsylvania, seeking judgment on the debts owing on accounts 1143 and 6394 and for attorneys' fees. (Defs.' Ex. I.) Neil signed the complaint. Sprague notes receipt of the complaint on September 29, 2003. Pleadings in the state case were filed through August 6, 2005.[1]

### B. Procedural History

Sprague initiated suit against Defendants in this court on August 8, 2005, alleging violations of the FDCPA, FCEUA, and UTPCPL. (Doc. 1.) Defendants filed their motion for summary judgment, supporting brief, and statement of undisputed material facts, on January 17, 2007. (Docs. 57-59.) Their statement of facts did not comport with Local Rule 56.1 in that it did not "include references to the parts of the record that support the statements" made therein. (Doc. 60.) The court ordered Defendants to file an amended statement of undisputed material facts including specific references to the parts of the record supporting the statements and complying with Local Rule 56.1 in all other respects, on or before February 16, 2007. (*Id.*) Sprague was ordered to respond to the amended statement of facts, in accordance with Local Rule 56.1, on or before March 5, 2007. (*Id.*) Defendants complied on February 15, 2007. (Doc. 64.) Sprague did not comply with the order. The court again ordered Sprague to respond to the amended statement of material facts "in accordance with Local Rule 56.1" by March 20, 2007.

---

[1] O'Brien signed one or more pleadings in the state court action. According to Neil's uncontroverted affidavit, Pressman had no personal involvement with the process of collecting these debts from Sprague. (Doc. 58 Ex. R.)

(Doc. 67.)  Failure to comply with the order would "result in the facts set forth in defendants' revised statement of material facts (Doc. 64) being deemed admitted." (*Id.*)

After having been granted an extension of time, Sprague filed his counterstatement of undisputed material facts.  (Doc. 73.)  Sprague did not abide by Local Rule 56.1, nor did he heed the court's admonition to Defendants that all statements therein "include [supporting] references to . . . parts of the record."  None of Sprague's statements contain citations to the record.  (*See id.*)  Because Sprague failed to follow Local Rule 56.1 and multiple orders of this court, Sprague is deemed not to oppose Defendants' statement of undisputed facts.

Sprague also failed to file a brief responsive to Defendants' motion for summary judgment, in contravention of Local Rule 7.6.  The court ordered a response on or before April 3, 2007, noting that failure to do so "may result in the granting of [the] motion[ ]."  (Doc. 70.)  Rule 7.6 provides that a party who fails to file a timely responsive brief shall be deemed not to oppose the motion filed.  April 3, 2007 passed without an opposition brief from Sprague.[2]  Accordingly, Sprague is deemed not to oppose Defendants' motion for summary judgment.  The motion is ripe for disposition.

## II.     **<u>Legal Standard – Summary Judgment</u>**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

---

[2]  Defendants filed a "reply brief" in support of their motion for summary judgment on February 19, 2007.  (Doc. 66.)  The right to file a reply brief is triggered only by the filing of a responsive brief.  Loc. R. 7.7 ("A brief in reply to matters argued in the respondent's brief may be filed by the moving party within ten (10) days after service of respondent's brief.").  Because Sprague did not file a responsive brief, Defendants' reply brief was not filed in accordance with the Local Rules and will not be considered in disposition of their motion.

5

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232.

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

In the event that the non-moving party does not file a brief in opposition, "it is 'well-settled . . . that . . . a moving party is [not] automatically entitled to summary judgment.'" *Anchorage Assocs. v. Virgin Islands Bd. of Tax*

*Review*, 922 F.2d 168, 175 (3d Cir. 1990) (quoting *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)). Federal Rule 56(e) specifically states that summary judgment for the moving party shall be granted only *if appropriate* as a matter of law. *Anchorage Assocs.*, 922 F.2d at 175. A district court must conduct a merits analysis of the moving party's motion even in the absence of opposition. *See id.* Failure to oppose a motion for summary judgment constitutes merely "a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it." *Id.* at 175-76. Accordingly, the court will examine the merits of Defendants' motion for summary judgment.

**III.      Analysis**

The Fair Debt Collection Practices Act exists to provide a measure of protection for consumer debtors from abusive and harassing collection practices. 15 U.S.C. § 1692. Section 1692k(d) of the FDCPA provides that an "action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs." An alleged violation within a collection letter occurs on the date that the letter is sent by the debt collector. *E.g., Mattson v. U.S. West Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992). An alleged violation arising out of a lawsuit filed to collect on a debt occurs either on the date the lawsuit is filed, *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997), or on the date that the complaint is served upon the plaintiff, *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002). The course of litigation is not, in itself, a "continuing violation" of the FDCPA. *Nutter v. Messerli & Kramer, P.A.*, 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007); *see Joseph v. J.J. MacIntyre Co., L.L.C.*, 281 F. Supp. 2d 1156, 1160 (N.D.

Cal. 2003); *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999). As the *Nutter* court explained,

> the statements [made during litigation by defendant attorneys] based on the status of the debt are all new communications concerning an old claim. The statements . . . relate back to [the creditor's] assertion that the debt remained outstanding. [The creditor] made this claim and the plaintiffs had notice of it by . . . the date by which [the creditor] initiated lawsuits . . . .

500 F. Supp. 2d at 1223. For conduct during litigation to be actionable, a plaintiff must allege that the conduct is a violation of the FDCPA independent of the act of filing suit. *Id.* Only then may conduct during litigation be pursued during its own one-year statute of limitations. *See id.*

   The one-year statute of limitations for any FDCPA claim has run. The last communication by letter from the Firm to Sprague was mailed on June 25, 2003. The civil complaint in the York County Court of Common Pleas was filed on September 16, 2003 and noted received by Sprague on September 29, 2003. The allegations in Sprague's complaint – unsupported on summary judgment – are that during the litigation, Defendants continued to assert that the debt alleged to be owed to Citibank remained outstanding. This assertion relates back to the claim made when Defendants filed suit and is not independently actionable under the FDCPA. Sprague does not allege, and does not offer proof on summary judgment, that any particular conduct by Defendants during the litigation was a violation of the FDCPA independent of filing the original suit. Accordingly, Sprague's suit, filed in this court on August 8, 2005, commenced long after the one-year statute of limitations had run on his FDCPA claim. Defendants will be granted summary judgment on this issue.

   This court had original jurisdiction over this matter by virtue of the claim stated under the FDCPA. Having granted judgment on that claim, this court

may decline to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3).  The court will so decline.  Accordingly, the state law claims will be dismissed without prejudice.

**IV.** **Conclusion**

For the foregoing reasons, summary judgment will be granted for Defendants on the claims arising under the FDCPA and the remaining state law claims will be dismissed.  An appropriate order will issue.

 s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated:  January 10, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROGER W. SPRAGUE,** : | CIVIL NO. 1:CV-05-1605 |
| **Plaintiff** : | |
| : | JUDGE SYLVIA H. RAMBO |
| v. : | |
| **BURTON NEIL,** : | |
| **ESQUIRE; BURTON NEIL &** : | |
| **ASSOCIATES P.C.; YALE D.** : | |
| **WEINSTEIN, ESQUIRE;** : | |
| **EDWARD J. O'BRIEN, ESQUIRE;** : | |
| **JAY H. PRESSMAN, ESQUIRE;** : | |
| **Defendants** : | |

# **O R D E R**

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) The motion for summary judgment by Defendants Burton Neil & Associates, P.C., Burton Neil, Esq., Yale D. Weinstein, Esq., Edward J. O'Brien, Esq., and Jay H. Pressman, Esq., (Doc. 58-1) is **GRANTED** in part and **DENIED** in part.

    a) The motion is **GRANTED** as to Plaintiff's claims under the Fair Debt Collection Practices Act.

    b) The motion is **DENIED** as to Plaintiff's claims under Pennsylvania law because those claims are **DISMISSED** without prejudice.

2) The Clerk of Court shall defer the entry of the grant of summary judgment until the conclusion of this case.

   3) Defendants' motion to strike Plaintiff's counterstatement of undisputed material facts (Doc. 74) is deemed **MOOT**.

                s/Sylvia H. Rambo
                SYLVIA H. RAMBO
                United States District Judge

Dated: January 10, 2008.